THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN PICKENS, Defendant-Appellant.

Fifth District    No. 5—00—0533

Opinion filed June 26, 2001.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert B. Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KUEHN delivered the opinion of the court:

On December 31, 1998, defendant John Pickens and Bryon Madison entered a used-car dealership in Fairmont City, Illinois, tied up two employees, and took more than $3,000 in cash. Before they fled the crime scene in a stolen dealership car, they shot each of the captive employees two times. Both survived.

One of the victims freed himself, despite his condition. He reported the robbery and shooting. Soon thereafter, State Police observed and pursued the getaway car. The chase ended when the defendant lost control of the stolen car and crashed. He and his partner were apprehended and searched. The police found the dealership's money on them.

A St. Clair County jury found the defendant guilty of armed robbery. It also found him guilty on two counts of aggravated battery with a firearm and two counts of attempted murder. Thereafter, the trial judge decided that the defendant was a habitual criminal and, by virtue of that finding, imposed life's duration as punishment. On appeal, the defendant contends that his dual mandatory life sentences were imposed pursuant to an unconstitutional statutory sentencing scheme. He argues that the facts that mandated his punishment must be alleged in the charging instrument and submitted to the jury for determination.

The statutory provision that empowered the trial judge to impose life imprisonment in this case—section 33B—1 of the Criminal Code of 1961 (Criminal Code)—reads as follows:

"(a) Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony, criminal sexual assault, aggravated kidnaping or first degree murder[ ] and is thereafter convicted of a Class X felony, criminal sexual assault or first degree murder, committed after the 2 prior convictions, shall be adjudged an [sic] habitual criminal.

(b) The 2 prior convictions need not have been for the same offense.

(c) Any convictions which result from or are connected with the same transaction, or result from offenses committed at the same time, shall be counted for the purposes of this Section as one conviction.

(d) This Article shall not apply unless each of the following requirements are [sic] satisfied:

(1) the third offense was committed after the effective date of this Act;

(2) the third offense was committed within 20 years of the date that judgment was entered on the first conviction, provided, however, that time spent in custody shall not be counted;

(3) the third offense was committed after conviction on the second offense; [and]

(4) the second offense was committed after conviction on the first offense.

(e) Except when the death penalty is imposed, anyone adjudged an [sic] habitual criminal shall be sentenced to life imprisonment." 720 ILCS 5/33B—1 (West 1998).

Section 33B—2 of the Criminal Code provides as follows:

"(a) A prior conviction shall not be alleged in the indictment, and no evidence or other disclosure of such conviction shall be presented to the court or the jury during the trial of an offense set forth in Section 33B—1 unless otherwise permitted by the issues properly raised in such trial. After a plea or verdict or finding of guilty and before sentence is imposed, the prosecutor may file with the court a verified written statement signed by the State's Attorney concerning any former conviction of an offense set forth in Section 33B—1 rendered against the defendant. The court shall then cause the defendant to be brought before it; shall inform him of the allegations of the statement so filed, and of his right to a hearing before the court on the issue of such former conviction and of his right to counsel at such hearing; and unless the defendant admits such conviction, the court shall hear and determine such issue[ ] and shall make a written finding thereon. If a sentence has previously been imposed, the court may vacate such sentence and impose a new sentence in accordance with Section 33B—1 of this Act.

(b) A duly authenticated copy of the record of any alleged former conviction of an offense set forth in Section 33B—1 shall be prima facie evidence of such former conviction; and a duly authenticated copy of the record of the defendant's final release or discharge from probation granted, or from sentence and parole supervision (if any) imposed pursuant to such former conviction, shall be prima facie evidence of such release or discharge.

(c) Any claim that a previous conviction offered by the prosecution is not a former conviction of an offense set forth in Section 33B—1 because of the existence of any exceptions described in this Act[ ] is waived unless duly raised at the hearing on such conviction[ ] or unless the prosecution's proof shows the existence of such exceptions described in this Act." 720 ILCS 5/33B—2 (West 1998).

Shortly after the jury returned guilty verdicts, the State invoked these provisions by filing a document entitled "States [*sic*] notice of intent to Declare Defendant a Habitual Criminal." The State alleged that the defendant qualified as a habitual criminal by virtue of a Sangamon County armed robbery conviction in May of 1983 and a subsequent Sangamon County conviction for aggravated battery with a firearm obtained in May of 1992. The defendant served a 15-year prison sentence for the armed robbery and a 12-year prison sentence for the aggravated battery with a firearm.

At the defendant's sentencing hearing the State produced authenticated copies of the two Sangamon County convictions. The defendant had no objection to the documents or to their admission into evidence. However, the defendant would not concede that he was the individual named in those documents.

The trial judge admitted the exhibits into evidence. He then informed the defendant of the allegations in the notice, his right to a hearing before the court, and his right to counsel. When the trial judge asked the defendant if he wanted a hearing, he responded, "No, sir." The assistant State's Attorney then pointed out that the admitted exhibits bore the defendant's name and date of birth. The trial judge asked the defendant if he wanted to deny under oath that he was the person named in the documents from Sangamon County. The defendant declined the invitation.

Pursuant to the State's request, the trial judge found that the defendant was the person named in the Sangamon County convictions and found that he was a habitual criminal pursuant to section 33B—1 of the Criminal Code. The trial judge sentenced the defendant to natural-life imprisonment.

Relying upon *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), the defendant argues that his life sentences are unconstitutional. His argument is premised upon the judicial finding that brings a defendant within the ambit of the habitual-criminal sentencing provision. A state officer rather than a jury determines that the requisite convictions exist. Furthermore, this finding is not made under a reasonable doubt standard of proof. See *People v. Robinson*, 167 Ill. 2d 53, 656 N.E.2d 1090 (1995).

Armed robbery and attempted murder are both Class X felonies. 720 ILCS 5/18—2(b), 8—4(c)(1) (West 1998). A Class X felony is normally punishable by a determinate prison term of not less than 6 years and not more than 30 years. 730 ILCS 5/5—8—1(a)(3) (West 1998). Thus, the defendant concludes that his life sentences, enhanced beyond the prescribed maximum sentences for the crimes that he committed and based upon a factual finding by the trial judge rather than the jury, are unconstitutional.

*Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), is a case in which the United States Supreme Court held a New Jersey hate-crime statute unconstitutional because it commissioned judges to make a factual finding that enhanced their power to punish beyond the maximum penalties prescribed for any given criminal offense.

In 1994, Charles Apprendi, Jr., took his handgun and fired a spray of .22-caliber bullets into the home of his new neighbors. Apparently, the newly arrived family did not fit Apprendi's color criteria for living in a Vineland, New Jersey, neighborhood. Apprendi was indicted with numerous criminal offenses because of his misconduct, but none of them alleged that his actions were racially motivated. *Apprendi*, 530 U.S. at 469, 147 L. Ed. 2d at 442, 120 S. Ct. at 2352.

Apprendi pleaded guilty to possession of a firearm for an unlawful purpose, an offense for which the New Jersey legislature enacted a 10-year maximum prison sentence. *Apprendi*, 530 U.S. at 469-70, 147 L. Ed. 2d at 442-43, 120 S. Ct. at 2352. However, a separate New Jersey hate-crime statute authorized the imposition of greater punishment for any crimes motivated by racial hatred. The trial judge found that Apprendi's crime was so motivated and, because of that fact, sentenced Apprendi to a prison sentence greater than the 10-year maximum that could otherwise have been imposed. *Apprendi*, 530 U.S. at 470, 147 L. Ed. 2d at 443, 120 S. Ct. at 2352.

The Supreme Court, relying upon constitutional protections of due process, notice, and the right to a trial by jury, struck down the New Jersey hate-crime statute. The Court took an exhaustive look at what our founding fathers promised when they bestowed the right to a trial by jury in all criminal cases. It found that a part of that promise was the right to have a jury determine all facts necessary to a determination of the maximum punishment the law allows. The Supreme Court handed down a constitutional-based rule when it stated, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[ ] and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

We have not found a case construing the Illinois habitual criminal statute in light of *Apprendi*. However, section 5—5—3(c)(8) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—5—3(c)(8) (West 1998)), which has provisions similar to those of section 33B—1 of the Criminal Code, has been examined in light of *Apprendi* and found to be constitutional. *People v. Lathon*, 317 Ill. App. 3d 573, 740 N.E.2d 377 (2000); *People v. Dixon*, 319 Ill. App. 3d 881 (2001). Section 5—5—3(c)(8) of the Unified Code provides as follows:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977[ ] and (2) the second felony was committed after conviction on the first[ ] and (3) the third felony was committed after conviction on the second." 730 ILCS 5/5—5—3(c)(8) (West 2000).

The argument that the defendant makes is similar to the argument made by the defendant in *Lathon*, 317 Ill. App. 3d at 579, 740 N.E.2d at 380-81. See also *People v. Dixon*, 319 Ill. App. 3d 881 (2001). Lathon was convicted of attempted residential burglary. His criminal history spanned 30 years. When the trial judge sentenced him under section 5—5—3(c)(8) of the Unified Code, he stated that it was necessary to protect society from the defendant's unrelenting criminality. The trial judge imposed a 25-year prison sentence, increasing Lathon's punishment because of his continuing criminality and because of his prior convictions. Lathon claimed that under *Apprendi*, section 5—5—3(c)(8) was unconstitutional. He challenged the provision's enhancement scheme, which required increased penalties based upon prior convictions that were not charged in the indictment, not submitted to a jury, and not proved beyond a reasonable doubt.

We determined that the mandatory Class X sentencing provision of section 5—5—3(c)(8), which requires sentencing enhancement based upon the existence of prior convictions, does not violate a defendant's due process rights or jury trial guarantees. The reasoning that we employed applies here.

"[R]ecidivism[ ] is a traditional, if not the most traditional, basis for *** increasing an offender's sentence." *Almendarez-Torres v. United States*, 523 U.S. 224, 243, 140 L. Ed. 2d 350, 368, 118 S. Ct. 1219, 1230 (1998). A provision that requires punishment enhancement based upon the existence of prior convictions does not run afoul of *Apprendi*. Prior convictions need not be alleged in the charging document, submitted to the jury, or proven beyond a reasonable doubt.

Here, the defendant's prior convictions were not an element of the crimes that he committed. The convictions were a part of his past, a history obtained through proceedings that provided procedural safeguards. See *Lathon*, 317 Ill. App. 3d at 587, 740 N.E.2d at 387.

Notwithstanding, the defendant clings to certain statements contained within the *Apprendi* opinion (530 U.S. at 489-90, 147 L. Ed. 2d at 454-55, 120 S. Ct. at 2362) and maintains that the Supreme

Court would not abide our statute's recidivist scheme. The *Apprendi* Court not only endorsed the recidivism exception but also articulated the reasons for it, including the fact that procedural safeguards enhance the validity of any prior conviction and the fact that recidivism is not an essential element of an underlying criminal offense. Prior convictions relate to punishment and have no bearing on the crime committed. *Apprendi*, 530 U.S. at 494-96, 147 L. Ed. 2d at 457-58, 120 S. Ct. at 2365-66. The *Apprendi* Court was clear that is was not overruling *Almendarez-Torres*. Because of the exception carved out for prior convictions, we cannot accept the defendant's assertion that *Apprendi* invalidates sentencing provisions that rely upon recidivism. See *People v. Roberts*, 318 Ill. App. 3d 719, 729, 743 N.E.2d 1025, 1033 (2000); *Lathon*, 317 Ill. App. 3d at 585, 740 N.E.2d at 385. Further, to treat recidivism as a fact that relates to the commission of the charged offense or as an element of the charged offense could result in significant prejudice to the criminally accused. This is particularly so in a case like this where the defendant's prior convictions were identical to the offenses for which he was being tried. See *Lathon*, 317 Ill. App. 3d at 586, 740 N.E.2d at 386. Requiring the jury to decide whether the defendant's prior convictions made him eligible for mandatory life imprisonment would require the State to introduce evidence of the defendant's propensity to commit such crimes. See *Lathon*, 317 Ill. App. 3d at 586, 740 N.E.2d at 386. Such a requirement would increase the possibility of a jury finding a defendant guilty based upon prior criminal conduct, not upon the conduct underlying the criminal charge being considered. See *Lathon*, 317 Ill. App. 3d at 586, 740 N.E.2d at 386. Based on the foregoing considerations, we also reject the defendant's contention that the jury should have been required to find beyond a reasonable doubt that the sequence of the defendant's prior convictions met the requirements of section 33B—1 of the Criminal Code.

Since the increase in the defendant's penalty beyond the sentencing range otherwise provided was based on prior convictions, it was constitutionally permissible for the trial judge to impose life imprisonment. See *Apprendi*, 530 U.S. at 476-77, 147 L. Ed. 2d at 446, 120 S. Ct. at 2355; *Jones v. United States*, 526 U.S. 227, 248-49, 143 L. Ed. 2d 311, 329-30, 119 S. Ct. 1215, 1226-27 (1999).

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

WELCH and GOLDENHERSH, JJ., concur.