SHERMAN M. MORISSETTE, Plaintiff-Appellant, v. KENNETH BRILEY, Defendant-Appellee.

Third District   No. 3—01—0193

Opinion filed December 12, 2001.

Sherman M. Morissette, of Joliet, appellant *pro se.*

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and William L. Browers and Lisa A. Smith, Assistant Attorneys General, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

Following a bench trial, Sherman Morissette was convicted of armed robbery on December 27, 1983. Ill. Rev. Stat. 1983, ch. 38, par.

18—2. Because of prior felony convictions, he was sentenced to life imprisonment under the Habitual Criminal Act (Act) (Ill. Rev. Stat. 1983, ch. 38, par. 33B—1 *et seq.*) on November 16, 1984. On November 25, 2000, he filed a petition for writ of *habeas corpus*, arguing that the Act was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The trial court granted the State's section 2—615 motion to dismiss. 735 ILCS 5/2—615 (West 2000). Morissette appeals. We affirm.

## BACKGROUND

On December 24, 1983, Morissette stole a cab from a taxi driver at gunpoint. Morissette was convicted of armed robbery by the Cook County circuit court. At the sentencing hearing, the State petitioned for imposition of a natural life sentence pursuant to the Act. The State offered evidence that Morissette had been convicted and sentenced for two counts of armed robbery in 1976 and another two counts of armed robbery in 1979. The judge concluded that the appropriate sentence in this case was natural life under the Act.

On November 25, 2000, Morissette filed a *pro se* petition for writ of *habeas corpus* with the Will County circuit court. He amended his petition on December 12, 2000. In his amended petition, Morissette named Kenneth Briley, warden of the Stateville Correctional Center, as the defendant.

The State moved to dismiss Morissette's amended petition pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2000)) on January 17, 2001. On February 22, 2001, the Will County circuit court granted the State's motion and dismissed Morissette's petition. It is from this ruling that Morissette appeals.

## ANALYSIS

■ The standard of review for a section 2—615 dismissal is *de novo*. The question presented to the trial court in a section 2—615 motion is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Mosiman v. BMW Financial Services NA, Inc.*, 321 Ill. App. 3d 386, 748 N.E.2d 313 (2001).

■ A writ of *habeas corpus* is available to obtain the release of a prisoner where some occurrence after the prisoner's conviction entitles him to release. *Schlemm v. Cowen*, 323 Ill. App. 3d 318, 752 N.E.2d 647 (2001). In this case, Morissette argues the event that occurred after his conviction entitling him to release was the United State's Supreme Court's ruling in *Apprendi*.

■ In *Apprendi,* the Supreme Court held that, except for a prior conviction, any fact that increases the penalty for a crime beyond the

statutory maximum must be submitted to the finder of fact and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348. On appeal, Morissette contends that even though the Act relies upon the fact of prior convictions in imposing a natural life sentence, it also requires proof of the number, the type, and the timing of these prior convictions, which brings it under the rule of *Apprendi*.

■ The Habitual Criminal Act states that every person who previously has been convicted of two Class X felonies, and who later is convicted of a third Class X felony, shall be sentenced to life imprisonment. Ill. Rev. Stat. 1983, ch. 38, pars. 33B—1(a), (e). The Act only applies if all of the following conditions are met: (1) the second offense was committed after conviction of the first, (2) the third offense was committed after conviction of the second, (3) the third offense was committed within 20 years of judgment on the first, and (4) the third offense was committed after the effective date of the Act. Ill. Rev. Stat. 1983, ch. 38, par. 33B—1(d). The Act first became effective on February 1, 1978. Pub. Act 80—1099, eff. February 1, 1978 (adding Ill. Rev. Stat. 1983, ch. 38, par. 33B—1 *et seq.*). In this case, Morissette met all of the conditions for a mandatory natural life sentence under the Act, rather than the normal Class X sentencing range, which is from 6 to 30 years. Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(3).

Recently, the Illinois Appellate Court, Fifth District, held that the Act does not violate the rule of *Apprendi* in *People v. Pickens*, 323 Ill. App. 3d 429, 752 N.E.2d 1195 (2001). In its *Apprendi* analysis, the court drew analogies between the recidivism provisions in section 33B—1 and the recidivism provisions of section 5—5—3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5—5—3(c)(8) (West 2000)). Section 5—5—3(c)(8) requires a defendant to be sentenced as a Class X offender if he has been convicted of two Class 2 or greater felonies and then is convicted of a Class 1 or Class 2 felony. 730 ILCS 5/5—5—3(c)(8) (West 2000). Section 5—5—3(c)(8) only applies if (1) the first felony was committed after the effective date of the statute, (2) the second felony was committed after conviction of the first, and (3) the third felony was committed after conviction of the second. 730 ILCS 5/5—5—3(c)(8) (West 2000).

Illinois appellate courts ruled that section 5—5—3(c)(8) does not violate *Apprendi* in *People v. Lathon*, 317 Ill. App. 3d 573, 740 N.E.2d 377 (2000), and *People v. Dixon*, 319 Ill. App. 3d 881, 747 N.E.2d 1 (2001). The *Pickens* court ruled that, by analogy to the decisions in *Lathon* and *Dixon*, section 33B—1 is not unconstitutional under *Apprendi*. The Illinois Appellate Court, Second District, followed the ruling of *Pickens* in *People v. Boston*, 324 Ill. App. 3d 557, 755 N.E.2d 1058 (2001).

We note that section 5—5—3(c)(8) also requires proof of the number, the type, and the timing of prior convictions. We concur with the decisions in *Pickens* and *Boston* by holding that section 33B—1 does not violate the rule of *Apprendi*.

■ As in *Pickens*, the defendant in the instant case makes much of language in the *Apprendi* decision that calls into question that court's earlier decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998). The defendant argues that this *obiter dictum* in *Apprendi* requires an opposite result in this case. We disagree.

The majority opinion in *Apprendi* made clear that it did not consider recidivism to be a fact that falls within its holding. *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348. We follow that court's rulings as the final arbiter of the United States Constitution. See *Marbury v. Madison*, 5 U.S. 137, 2 L. Ed. 60 (1803).

Because section 33B—1 is not unconstitutional under *Apprendi*, Morissette is not entitled to release from prison. Taking the facts in the light most favorable to the plaintiff, Morissette did not allege facts in his petition that would compel the circuit court to grant him *habeas corpus* relief. Therefore, we hold as a matter of law that the court did not err by granting the State's section 2—615 motion to dismiss Morissette's petition for writ of *habeas corpus*.

## CONCLUSION

For the foregoing reasons, we affirm the ruling of the Will County circuit court.

Affirmed.

BRESLIN and HOLDRIDGE, JJ., concur.