3-01-0193

 No. 3--01--0193

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2001 

SHERMAN M. MORISSETTE, ) Appeal from the Circuit Court

 ) of the 12th Judicial Circuit, 

Plaintiff-Appellant, ) Will County, Illinois,

 )

v. ) No. 00--MR--587

 ) 

KENNETH BRILEY, ) Honorable

                                ) Charles P. Connor,

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

Following a bench trial, Sherman Morissette was convicted of armed robbery on December 27, 1983.  Ill. Rev. Stat. 1983, ch. 38, par. 18--2.  Because of prior felony convictions, he was sentenced to life imprisonment under the Habitual Criminal Act (Act) (Ill. Rev. Stat. 1983, ch. 38, par. 33B--1 
et
 
seq.
) on November 16, 1984.  On November 25, 2000, he filed a petition for writ of 
habeas
 
corpus
, arguing that the Act was unconstitutional under 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  The trial court granted the State's section 2--615 motion to dismiss.  735 ILCS 5/2--615 (West 2000).  Morissette appeals.  We affirm.

BACKGROUND

On December 24, 1983, Morissette stole a cab from a taxi driver at gunpoint.  Morissette was convicted of armed robbery by the Cook County circuit court.  At the sentencing hearing, the State petitioned for imposition of a natural life sentence pursuant to the Act.  The State offered evidence that Morissette had been convicted and sentenced for two counts of armed robbery in 1976 and another two counts of armed robbery in 1979.  The judge concluded that the appropriate sentence in this case was natural life under the Act.

On November 25, 2000, Morissette filed a 
pro
 
se
 petition for writ of 
habeas
 
corpus
 with the Will County circuit court.  He amended his petition on December 12, 2000.  In his amended petition, Morissette named Kenneth Briley, warden of the Stateville Correctional Center, as the defendant.

The State moved to dismiss Morissette's amended petition pursuant to section 2--615 on January 17, 2001.  On February 22, 2001, the Will County circuit court granted the State's motion and dismissed Morissette's
 petition.  It is from this ruling that Morissette appeals.

ANALYSIS

The standard of review for a section 2--615 dismissal is 
de
 
novo
.  The question presented to the trial court in a section 2--615 motion is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted.  
Mosiman v. BMW Financial Services NA, Inc.
, 321 Ill. App. 3d 386, 748 N.E.2d 313 
(2001).

A writ of 
habeas
 
corpus
 is available to obtain the release of a prisoner where some occurrence after the prisoner's conviction entitles him to release.  
Schlemm v. Cowen
, 323 Ill. App. 3d 318, 752 N.E.2d 647 
(2001).  In this case, Morissette argues the event that occurred after his conviction entitling him to release was the United State's Supreme Court's ruling in 
Apprendi
.

In 
Apprendi
, the Supreme Court held that, except for a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to the finder of fact and proved beyond a reasonable doubt.  
Apprendi
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348.  On appeal, Morissette contends that even though the Act relies upon the fact of prior convictions in imposing a natural life sentence, it also requires proof of the number, the type, and the timing of these prior convictions, which brings it under the rule of 
Apprendi
.

The Habitual Criminal Act states that every person who previously has been convicted of two Class X felonies, and who later is convicted of a third Class X felony, shall be sentenced to life imprisonment.  Ill. Rev. Stat. 1983, ch. 38, pars. 33B--1(a), (e).  The Act only applies if all of the following conditions are met: (1) the second offense was committed after conviction of the first, (2) the third offense was committed after conviction of the second, (3) the third offense was committed within 20 years of judgment on the first, and (4) the third offense was committed after the effective date of the Act.  Ill. Rev. Stat. 1983, ch. 38, par. 33B--1(d).  The Act first became effective on February 1, 1978.  Pub. Act 80--1099, eff. February 1, 1978 (adding Ill. Rev. Stat. 1983, ch. 38, par. 33B--1 
et
 
seq.
).  In this case, Morissette met all of the conditions for a mandatory natural life sentence under the Act, rather than the normal Class X sentencing range, which is from 6 to 30 years.  Ill. Rev. Stat. 1983, ch. 38, par. 1005--8--1(a)(3).

Recently, the Illinois Appellate Court, Fifth District, held that the Act does not violate the rule of 
Apprendi
 in 
People v. Pickens
, 323 Ill. App. 3d 429, 752 N.E.2d 1195 (2001).  In its 
Apprendi
 analysis, the court drew analogies between the recidivism provisions in section 33B--1 and the recidivism provisions of section 5--5--3(c)(8) (730 ILCS 5/5--5--3(c)(8) (West 2000)).  Section 5--5--3(c)(8) requires a defendant to be sentenced as a Class X offender if he has been convicted of two Class 2 or greater felonies and then is convicted of a Class 1 or Class 2 felony.  730 ILCS 5/5--5--3(c)(8) (West 2000).  Section 5--5--3(c)(8) only applies if (1) the first felony was committed after the effective date of the statute, (2) the second felony was committed after conviction of the first, and (3) the third felony was committed after conviction of the second.  730 ILCS 5/5--5--3(c)(8) (West 2000).

Illinois Appellate Courts ruled that section 5--5--3(c)(8) does not violate 
Apprendi
 in 
People v. Lathon
, 317 Ill. App. 3d 573, 740 N.E.2d 377 (2000), and 
People v. Dixon
, 319 Ill. App. 3d 881, 747 N.E.2d 1 (2001).  The 
Pickens
 court ruled that, by analogy to the decisions in 
Lathon
 and 
Dixon
, section 33B--1 is not unconstitutional under 
Apprendi
.  The Illinois Appellate Court, Second District, followed the ruling of 
Pickens
 in 
People v. Boston
, 
   
 Ill. App. 3d 
   
, 755 N.E.2d 1058 (2001).

We note that section 5--5--3(c)(8) also requires proof of the number, the type, and the timing of prior convictions.  We concur with the decisions in 
Pickens
 and 
Boston
 by holding that section 33B--1 does not violate the rule of 
Apprendi
.

As in 
Pickens
, the defendant in the instant case makes much of language in the 
Apprendi
 decision that calls into question that Court's earlier decision in 
Almendarez-Torres v. United States
, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998).  The defendant argues that this 
obiter
 
dictum
 in 
Apprendi
 requires an opposite result in this case.  We disagree.

The majority opinion in 
Apprendi
 made clear that it did not consider recidivism to be a fact that falls within its holding.  
Apprendi
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348.  We follow that Court's rulings as the final arbiter of the United States Constitution.  See 
Marbury v. Madison
, 5 U.S. 137, 2 L. Ed. 60 (1803).

Because section 33B--1 is not unconstitutional under 
Apprendi
, Morissette is not entitled to release from prison.  Taking the facts in the light most favorable to the plaintiff, Morissette did not allege facts in his petition that would compel the circuit court to grant him 
habeas
 
corpus
 relief.  Therefore, we hold as a matter of law that the court did not err by granting the State's section 2--615 motion to dismiss Morissette's petition for writ of 
habeas
 
corpus
.

CONCLUSION

For the foregoing reasons, we affirm the ruling of the Will County circuit court.

Affirmed.

BRESLIN and HOLDRIDGE, J.J., concur.