BRAD LIEBERMAN, Petitioner-Appellant, v. TIMOTHY BUDZ, Facility Director, Department of Human Services, Treatment/Detention Facility, Respondent-Appellee.

Third District    No. 3—04—0537

Opinion filed April 8, 2005.

Brad Lieberman, of Joliet State Prison-Annex, of Joliet, appellant *pro se.*

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and David H. Iskowich and Linda Woloshin, Assistant Attorneys General, of counsel, for appellee.

JUSTICE O'BRIEN delivered the opinion of the court:

In 2000, the Cook County circuit court ordered the petitioner, Brad Lieberman, to be civilly detained (725 ILCS 207/30 (West 2002)) pending trial for commitment under the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 *et seq.* (West 2002)). Initially, Lieberman was detained at the Sheridan Correctional Center, but later he was transferred to a secure facility in Joliet. In 2003, Lieberman filed a petition for writ of *habeas corpus* with the Will County circuit court, naming Timothy Budz, the facility director for the Illinois Department of Human Services (DHS), as the respondent. The trial court granted the respondent's motion to dismiss under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2002)) and denied Lieberman's motion to reconsider.

On appeal, Lieberman argues that the trial court erred by denying his motion to reconsider because (1) the Cook County court violated

section 25(c)(1) of the Act (725 ILCS 207/25(c)(1) (West 2002)) by holding a detention hearing without Lieberman being present; (2) the DHS was not authorized by the detention order to transfer him from the Sheridan facility to the Joliet facility; (3) the detention order was improperly based on an "out-dated" mental health evaluation; and (4) his due process rights are being violated because he is currently detained at the Joliet facility with others adjudicated to be sexually violent persons without the court holding either a probable cause hearing or a trial to determine whether he is a sexually violent person. We affirm.

## BACKGROUND

The record does not contain a copy of the State's petition seeking Lieberman's civil commitment as a sexually violent person under the Act. However, the record indicates that such a petition was filed with the Cook County circuit court on January 5, 2000.

On January 6, 2000, the Cook County court held a proceeding to consider whether Lieberman should be detained under the Act. Lieberman was not present at that proceeding. During the proceeding, the assistant State's Attorney said, "I will ask the Court, I know the Court has reviewed this petition. I am asking the Court to find that *** there is cause to—Brad Lieberman is eligible for petition under the Sexually Violent Persons Commitment Act; and that the Court, today, issue an order for his detention." The judge stated that the court would issue the detention order.

On January 8, 2000, the Cook County court issued its detention order. In the order, the court directed the Illinois Department of Corrections (DOC) to detain Lieberman and then to "transfer [Lieberman] to the Sexually Violent Persons Treatment and Detention Center at Sheridan Correctional Center."

Lieberman filed his *habeas* petition on December 16, 2003, with the Will County circuit court. In his petition, Lieberman stated that the DHS had transferred him from the Sheridan facility to "the Joliet Correctional Center-Annex which is the 'Secure Residential Facility For Sexually Violent Persons.'" In the petition, Lieberman made the same arguments that he is making on appeal.

On March 15, 2004, the State filed its section 2—615 motion to dismiss Lieberman's petition on Budz' behalf. The court issued its order granting the dismissal motion on March 21, 2004. Concerning Lieberman's first argument, the trial court wrote, "Mr. Lieberman's complaint *** is *** directed at *** the initial review by the Court under Subsection 207/30(a). This type of review is not unlike the Court's initial review of a postconviction petition *** and due process does not require the Petitioner's presence."

The trial court denied Lieberman's motion to reconsider. Lieberman appealed.

## ANALYSIS

■ *Habeas corpus* relief is available where a person who is in civil custody is entitled to immediate release. *Turner v. Campagna*, 281 Ill. App. 3d 1090, 667 N.E.2d 683 (1996). A writ of *habeas corpus* is available to obtain the immediate release of a person (1) who is in custody under a judgment of a court which lacked jurisdiction; or (2) when there has been some occurrence subsequent to the person being taken into custody which entitled him to release. *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 704 N.E.2d 350 (1998).

In a section 2—615 motion to dismiss, the trial court must determine whether the allegations of the petition, when viewed in the light most favorable to the petitioner, are sufficient to state a cause of action upon which relief can be granted. *Morissette v. Briley*, 326 Ill. App. 3d 590, 761 N.E.2d 333 (2001).

We review a trial court's ruling on a motion to reconsider for abuse of discretion. *Stringer v. Packaging Corp. of America*, 351 Ill. App. 3d 1135, 815 N.E.2d 476 (2004).

### I. Section 25(c)(1) Violation

Lieberman contends that the Cook County court violated section 25(c)(1) of the Act by holding a detention hearing without Lieberman being present.

■ Section 25(c)(1) states that "at any hearing conducted under [the] Act, the person who is the subject of the petition has the right to *** be present," with exceptions that are not applicable to this case. 725 ILCS 207/25(c)(1) (West 2002). Regarding detention proceedings, the Act states that "[u]pon the filing of a petition ***, the court shall review the petition to determine whether to issue an order for detention of the person who is the subject of the petition. The person shall be detained only if there is cause to believe that the person is eligible for commitment." 725 ILCS 207/30(a) (West 2002).

To decide Lieberman's issue, we must determine whether a detention proceeding held according to section 30(a) of the Act constitutes a "hearing" under the meaning of section 25(c)(1). According to this court's research, this specific issue is a matter of first impression. The issue involves the statutory construction of provisions in the Act.

The initial rule of statutory construction is to ascertain and give effect to the legislature's intent. The best indication of that intent is the statute's language, which must be given its plain, ordinary, and popularly understood meaning. A court will not depart from the plain language of a statute by reading into it exceptions, limitations, or

conditions that conflict with the express intent of the legislature. *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 787 N.E.2d 127 (2003).

■ In the instant case, after the State filed its petition, the Cook County court held a proceeding under section 30(a) of the Act to determine if Lieberman should be detained. The plain language of section 30(a) states that in such a proceeding, the court is to "review" the petition.

Section 30(a) explicitly uses the term "review" rather than the term "hearing." By contrast, section 30(b) refers to the next stage under the Act as a probable cause "hearing." See 725 ILCS 207/30(b) (West 2002). Then, if the court finds that there is probable cause at that "hearing," the matter proceeds to a "trial" to determine if the subject of the petition is to be committed as a "sexually violent person," as defined by the Act. See 725 ILCS 207/35 (West 2002).

Lieberman submits that the detention proceeding in this case was a "hearing" because (1) the State and the trial court referred to the proceeding as a "hearing" in various court documents and at other proceedings; and (2) the State advocated that Lieberman be detained during the detention proceeding.

We reject Lieberman's first subargument that the proceeding was a "hearing" because the State and the trial court referred to it as a "hearing." We look to the intent of our legislature by examining the plain language of the statute, rather than by examining language used by the State or the trial court when referring to the proceeding. Our legislature explicitly used the term "review" rather than "hearing" in section 30(a). We will not read an exception, limitation, or condition into section 30(a) because of language used by the State or the trial court. See *Carver*, 203 Ill. 2d 497, 787 N.E.2d 127.

We also disagree with Lieberman's second subargument that the proceeding was a "hearing," under the meaning of the term in section 25(c)(1), because during the proceeding the State advocated that he be detained. Nothing in the plain language of the Act or in case law suggests that the State is prohibited from asking the trial judge to order detention under section 30(a) after the court has "reviewed" the petition. Again, we will not read such an exception, limitation, or condition into the statute. See *Carver*, 203 Ill. 2d 497, 787 N.E.2d 127.

The trial judge in this case drew an analogy between a section 30(a) proceeding and the first-stage review of a postconviction petition (see 725 ILCS 5/122—2.1 (West 2002)). At the first stage of postconviction proceedings, the trial court is to "examine" the petition without input from either the defense or the prosecution. See 725 ILCS 5/122—2.1(a) (West 2002); *People v. Patton*, 315 Ill. App. 3d 968, 735 N.E.2d 185 (2000).

However, we find a detention proceeding conducted under section 30(a) of the Act (in the civil context) to be more nearly analogous to a proceeding where the State is seeking an arrest warrant (in the criminal context) than to the first stage of a postconviction proceeding. At a first-stage postconviction proceeding, the court is to examine the petition without any input from the State, whereas, at an arrest warrant proceeding, the prosecution is expected to have input. See 725 ILCS 5/107—9 (West 2002).

The trial court's analogy, in this case, was flawed to some extent because the State had input at the detention proceeding, which would be prohibited at the first stage of postconviction proceedings. Nonetheless, we can affirm the trial court's dismissal based on section 2—615 for any reason supported by the record, regardless of the trial court's reasoning. See *Aboufariss v. City of De Kalb*, 305 Ill. App. 3d 1054, 713 N.E.2d 804 (1999).

Because of the nature of an arrest warrant proceeding, an accused is not present when the State asks the court to issue the warrant pending further criminal proceedings. See 725 ILCS 5/107—9 (West 2002). It follows by analogy that a person named in a petition under the Act need not be present in the proceeding in which the State seeks to have the person detained pending a probable cause "hearing."

For the reasons articulated above, we hold that the Cook County circuit court did not violate Lieberman's section 25(c)(1) right to be present at all "hearings" even though Lieberman was not present at the detention proceeding held under section 30(a) of the Act.

## II. Transfer Not Authorized by Detention Order

■ Lieberman argues that DHS was not authorized by the detention order to transfer him from the Sheridan facility to the Joliet facility. He contends that the order only authorized his detention at the Sheridan facility.

Section 30(a) of the Act states that "[a] person detained under this Section shall be held in a facility approved by the [DHS]. If the person *** is in a [DOC] correctional facility ***, and the court orders detention under this Section, the court shall order that the person be transferred to a detention facility approved by the [DHS]." 725 ILCS 207/30(a) (West 2002).

In this case, the trial court followed the plain language of section 30(a) by ordering the DOC to transfer Lieberman to a detention facility approved by the DHS, that is, the Sheridan facility. The plain language of section 30(a) does not say that DHS may only detain the person at the facility listed in the court's detention order. Section 30(a) also does not state that the DHS is prohibited from transferring

a detainee from one DHS-approved facility to another DHS-approved facility. We will not read such exceptions, limitations, or conditions into the statute. See *Carver*, 203 Ill. 2d 497, 787 N.E.2d 127. Section 30(a) only specifies that the person shall be detained in a facility approved by the DHS.

We rule, therefore, that the DHS did not violate section 30(a) of the Act by transferring Lieberman from the Sheridan facility to the Joliet facility.

### III. "Out-dated" Mental Health Evaluation

■ Lieberman submits that the Cook County court's 2000 detention order was improperly based on an "out-dated" 1999 mental health evaluation.

As we discussed above, the Act authorizes the trial court to order detention of the person who is the subject of the petition, pending a probable cause hearing, after the court has reviewed the petition. See 725 ILCS 207/30(a), (b) (West 2002). The Act does not require that the petition include, or be accompanied by, a mental health evaluation. See 725 ILCS 207/15 (West 2002).

After the court has reviewed the petition, the court may order the person's detention "only if there is cause to believe that the person is eligible for commitment" under the Act. 725 ILCS 207/30(a) (West 2002). Section 30(a) neither requires the court to consider nor prohibits the court from considering a mental health evaluation in its determination concerning "cause to believe that the person is eligible for commitment." 725 ILCS 207/30(a) (West 2002).

By contrast, other stages in the proceedings under the Act require such an evaluation. For example, if the trial court determines, after a hearing, that there is probable cause that the person is a sexually violent person, "the court *** shall order the person to be transferred *** to an appropriate facility for an evaluation as to whether the person is a sexually violent person." 725 ILCS 207/30(c) (West 2002). Such an evaluation, however, is not part of the plain language of section 30(a).

In the instant case, nothing in the plain language of section 30(a) required the Cook County court to consider a mental health evaluation in making its detention determination. Also, nothing in section 30(a) prohibited the Cook County court from considering a 1999 mental health evaluation in making its 2000 detention determination. We will not read such exceptions, limitations, or conditions into the statute. See *Carver*, 203 Ill. 2d 497, 787 N.E.2d 127. Therefore, we hold that the Cook County court did not err by issuing its 2000 detention order after considering a 1999 mental health evaluation.

## IV. Detention in a Secure Facility

■ Lieberman argues that his due process rights are being violated because he is currently detained at the Joliet facility with others adjudicated to be sexually violent persons without the trial court having held either a probable cause hearing or a trial to determine whether he is a sexually violent person. Specifically, he contends that he is being detained in a secure facility that, under section 50 of the Act, is reserved for persons who have been committed as sexually violent persons. Lieberman claims that by contrast, section 30(a) only requires detention in a facility approved by DHS, but not a secure facility under section 50. He also submits that the Illinois Administrative Code (Code) mandates that "detained persons shall be kept separate from committed persons." 59 Ill. Adm. Code § 299.200, as amended by 24 Ill. Reg. 65-67 (eff. April 5, 2000).

Lieberman is incorrect that a secure facility, under section 50 of the Act, is reserved for persons who have been committed as sexually violent persons. Section 50(c) refers to "a person held in detention in a secure facility or committed as a sexually violent person and held in a secure facility." 725 ILCS 207/50(c) (West 2002). Under the plain language of the statute, our legislature intended that both detained persons and committed persons would be held in secure facilities.

Lieberman also is incorrect that the Code mandates the separation of detained persons from committed persons at secure facilities. Lieberman's error becomes apparent when the passage he quoted is placed in context.

The Code states that the "[DHS] may utilize a secure residential facility as a detention facility [under the Act]. To the extent possible considering operational, programmatic and security needs, detained persons shall be kept separate from committed persons." 59 Ill. Adm. Code § 299.200, as amended by 24 Ill. Reg. 65-67 (eff. April 5, 2000). When placed in context, the passage quoted by Lieberman is conditional. In other words, the Code permits the DHS not to separate committed persons and detained persons in secure facilities after considering operational, programmatic, or security needs.

Neither the Act nor the Code requires detainees to be held in DHS facilities other than secure facilities. Therefore, we rule that Lieberman's due process rights are not being violated because he is being detained at the Joliet facility with persons committed as sexually violent persons.

## CONCLUSION

Lieberman's *habeas corpus* petition failed to show that he is entitled to immediate release because (1) the Cook County court lacked

jurisdiction to issue the detention order; or (2) there has been some occurrence subsequent to Lieberman's detention which entitled him to release. See *Barney*, 184 Ill. 2d 428, 704 N.E.2d 350. When viewed in the light most favorable to Lieberman, his allegations are insufficient to state a cause of action upon which *habeas* relief can be granted. See *Morissette*, 326 Ill. App. 3d 590, 761 N.E.2d 333. Therefore, we hold that the trial court did not abuse its discretion by denying Lieberman's motion to reconsider the section 2—615 dismissal of his petition. See *Stringer*, 351 Ill. App. 3d 1135, 815 N.E.2d 476.

For the foregoing reasons, we affirm the judgment of the Will County circuit court.

Affirmed.

LYTTON and SCHMIDT, JJ. concur.