# Illinois Official Reports

## Appellate Court

---

### *In re Commitment of Anderson*, 2014 IL App (3d) 121049

---

| | |
|---|---|
| Appellate Court Caption | *In re* COMMITMENT OF BRIAN C. ANDERSON (The People of the State of Illinois, Petitioner-Appellee, v. Brian C. Anderson, Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-12-1049 |
| Filed | June 3, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Respondent was properly found to be a sexually violent person and committed to the Department of Human Services for institutional treatment in a secure facility, despite his contentions that his motion to exclude the testimony of the State's expert witness was improperly denied, that his counsel was ineffective in agreeing to the State's motion for the appointment of an expert and that his commitment to a secure facility was an abuse of discretion, since the State had a right to have respondent evaluated by an expert of its own choosing, even if respondent's due process rights were violated when he was not in the courtroom and was unable to object to the State's motion for an expert, the violation was harmless and respondent was not prejudiced by his counsel's agreement to the State's motion for an expert, and the evidence supported respondent's commitment to a secure facility. |
| Decision Under Review | Appeal from the Circuit Court of Whiteside County, No. 10-MR-6; the Hon. John L. Hauptman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Allison Fagerman (argued), of Pignatelli & Associates, of Rock Falls, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Brian McLeish (argued), Assistant Attorney General, of counsel), for the People.

Panel

PRESIDING JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justice O'Brien concurred in the judgment and opinion.
Justice McDade dissented, with opinion.

**OPINION**

¶ 1    After a jury trial, respondent, Brian C. Anderson, was found to be a sexually violent person (SVP) and was committed to the custody of the Department of Human Services (DHS) for institutional treatment. On appeal, respondent argues that (1) the trial court abused its discretion in denying his motion to exclude testimony, (2) he was denied effective assistance of counsel, and (3) the trial court abused its discretion in committing him to treatment in a secure facility. We affirm.

¶ 2    When respondent was 14 years old, he sexually assaulted two children, ages 8 and 5. According to respondent, he anally penetrated the five-year-old "on three or four occasions," and the eight-year-old once. Respondent was adjudicated delinquent and sentenced to five years of probation.

¶ 3    Ten years later, respondent sexually assaulted his fourteen-year-old neighbor. Respondent performed oral sex on the victim, and the victim performed oral sex on respondent. Respondent knew the victim was under the age of 16. Respondent was convicted of aggravated sexual assault and sentenced to four years of imprisonment.

¶ 4    In 2010, shortly before respondent completed his prison sentence, the State filed a petition seeking his commitment under the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 *et seq.* (West 2010)). Dr. John Arroyo evaluated respondent on behalf of the Illinois Department of Corrections (IDOC). He concluded that respondent was a sexually violent person and recommended him for civil commitment under the Act.

¶ 5    After a probable cause hearing, Dr. Robert Brucker conducted an evaluation of respondent on behalf of DHS. He concluded that respondent had a significant risk of committing future sexually violent offenses but did not qualify as a sexually violent person because he did not have a mental disorder, as defined by the Act. The circuit court appointed Dr. Kirk Witherspoon as respondent's expert.

¶ 6    On March 24, 2010, the State moved for the appointment of Dr. Paul Heaton to examine respondent at the State's expense. Respondent was not present when the State's motion was presented in court. Respondent's counsel waived respondent's presence. Counsel also waived any objection to the State's motion. The court entered an "Agreed Order" noting that counsel had waived respondent's presence and stipulated to the State's motion.

¶ 7    Two days later, counsel wrote a letter to respondent informing him of Dr. Heaton's appointment. Before respondent received the letter, Dr. Heaton attempted to interview respondent. Respondent refused to cooperate, even after counsel encouraged him to participate in the evaluation.

¶ 8    Approximately a year later, on March 31, 2011, respondent, with a new attorney, filed a motion to exclude Dr. Heaton from testifying at trial. Respondent argued that the entry of the "Agreed Order" violated his statutory right to be present at all hearings conducted under the Act. Following a hearing, the trial court denied respondent's motion, holding that respondent's counsel had validly waived respondent's right to be present.

¶ 9    The case proceeded to a jury trial in November 2011. At trial, Dr. Arroyo and Dr. Heaton testified that respondent qualified as a sexually violent person. Dr. Witherspoon and Dr. Brucker testified that respondent was not a sexually violent person because he did not suffer from a mental disorder, as defined by the Act. The jury found respondent to be a sexually violent person.

¶ 10    At the dispositional hearing, Dr. Richard Travis recommended that respondent be committed to secure care. In forming this opinion, Dr. Travis relied on respondent's failure to control his behavior while in DHS custody. Dr. Travis noted that respondent had been cited for several infractions, including entering another resident's room, possessing medications belonging to another resident, and horseplay and sexual misconduct with his boyfriend. Dr. Travis also noted that respondent had not participated in treatment while in DHS custody and described respondent's past treatment as "pretty useless."

¶ 11    Dr. Eric Ostrov recommended that respondent be conditionally released. In support, Dr. Ostrov testified that he could not give a firm opinion about whether respondent suffered from a mental disorder. Dr. Ostrov also noted that respondent disputed the facts underlying some of his infractions while in DHS custody. On cross-examination, Dr. Ostrov admitted that respondent had received a citation for serious sexual misconduct. He also admitted that he had not seen or read a report in the DHS records citing respondent for horseplay.

¶ 12    At the conclusion of the dispositional hearing, the circuit court ordered respondent committed to DHS custody for treatment in a secure facility.

¶ 13                                    I. Motion to Exclude Testimony

¶ 14    Respondent first argues that the trial court abused its discretion in denying his motion to exclude Dr. Heaton's testimony. He claims that his due process rights were violated when the State presented its motion for appointment of Dr. Heaton without giving him notice and an opportunity to object.

¶ 15 The decision to exclude expert testimony is within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. *Hulman v. Evanston Hospital Corp.*, 259 Ill. App. 3d 133, 142 (1994). A trial court's ruling will be considered an abuse of discretion only if it is unreasonable, arbitrary, or where no reasonable person would take the same view as the court. *In re Detention of Ehrlich*, 2012 IL App (1st) 102300, ¶ 75.

¶ 16 A person who is the subject of a petition brought under the Act has the right "[t]o be present and to be represented by counsel" at any hearing conducted under the Act. 725 ILCS 207/25(c)(1) (West 2010). The Act does not define the term "hearing." See 725 ILCS 207/1 *et seq*. (West 2010).

¶ 17 The primary goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Lierberman v. Budz*, 356 Ill. App. 3d 932, 935 (2005). The best indication of legislative intent is the language of the statute itself. *Id*. Where the terms of the statute are undefined, they are given their plain and ordinary meaning. *Id*.

¶ 18 The term "hearing" is generally understood to mean a "judicial examination of the issues between the parties, whether of law or of fact." (Internal quotation marks omitted.) *People v. Guajardo*, 262 Ill. App. 3d 747, 757 (1994). Telephone calls between opposing attorneys regarding the status of a motion do not constitute a hearing at which a respondent has the right to be present under the Act. See *In re Detention of Erbe*, 344 Ill. App. 3d 350, 364 (2003). Additionally, a detention proceeding held pursuant to section 30(a) of the Act does not constitute a "hearing" under the Act even though the parties called it a "hearing." *Lieberman*, 356 Ill. App. 3d at 935-36.

¶ 19 As with any right, the right to be present can be waived. *People v. Phillips*, 383 Ill. App. 3d 521, 549 (2008). Where a defendant has a right to be present at a hearing, a trial court is permitted to accept a waiver from counsel of the defendant's right to be present. *Id*. at 549-50. Counsel's waiver is valid if the defendant voluntarily, knowingly and intelligently waived his right to be present. *Id*. at 550.

¶ 20 Here, the parties' attorneys appeared in court on March 24, 2010. On that date, the State presented the court with its motion for appointment of an expert. Respondent's counsel agreed to the State's motion. There was no judicial examination of the legal or factual issues between the parties; thus, there was no "hearing" at which respondent was entitled to be present. See *Guajardo*, 262 Ill. App. 3d at 757. Furthermore, even if a hearing took place, respondent's counsel validly waived respondent's presence. Thus, there was no due process violation.

¶ 21 Even if we were to find that respondent should have been present in court and allowed to object to the State's motion for appointment of an expert, his absence was harmless. See *People v. Williams*, 2013 IL App (1st) 111116, ¶ 93 ("[D]ue process violations are subject to a harmless error review.").

¶ 22 Pursuant to section 25(e) of the Act, a person who is the subject of an SVP petition is allowed to "retain experts or professional persons to perform an examination." 725 ILCS 207/25(e) (West 2010). If the respondent is indigent, the court is required, upon the respondent's request, to "appoint a qualified and available expert or professional person to perform an examination." 725 ILCS 207/25(e) (West 2010).

¶ 23    Prior to 2011, there was no similar provision entitling the State to appoint an expert to examine the respondent of an SVP commitment petition. However, nothing in the Act precluded the State from presenting its own expert to examine the respondent and testify at trial. *In re Commitment of Hardin*, 2013 IL App (2d) 120977, ¶ 16. In cases filed before 2011, courts often allowed the State to present more than one expert witness to examine the respondent and testify at SVP commitment trials. See, *e.g.*, *In re Detention of Melcher*, 2013 IL App (1st) 123085 (two State experts); *Hardin*, 2013 IL App (2d) 120977 (three State experts); *In re Commitment of Curtner*, 2012 IL App (4th) 110820 (two State experts); *In re Commitment of Trulock*, 2012 IL App (3d) 110550 (two State experts).

¶ 24    Effective January 1, 2011, the legislature amended section 25(e) by adding the following sentence: "The State has the right to have the person evaluated by an expert chosen by the State." Pub. Act 96-1128, § 5 (eff. Jan. 1, 2011). Now, the statute requires that the State be allowed at least one expert to evaluate the respondent. See 725 ILCS 207/25(e) (West 2012); see also 725 ILCS 207/15(f) (West 2012) ("The State has the right to have the person evaluated by experts chosen by the State.").

¶ 25    Here, the State's motion seeking appointment of Dr. Heaton was filed in 2010, when the above amendment was not yet in effect. However, the amendment was in effect when respondent filed his motion to exclude Dr. Heaton's testimony and when the trial court ruled on that motion. Regardless, because the amendment is procedural, it applies retroactively to the State's motion for an expert.

¶ 26    Procedural changes to statutes may be applied retroactively, while substantive changes may not. *Caveney v. Bower*, 207 Ill. 2d 82, 92 (2003). "Procedure is the machinery for carrying on the suit, including pleading, process, evidence and practice ***." *Ogdon v. Gianakos*, 415 Ill. 591, 596 (1953). Substantive law, in contrast, "establishes, creates, defines or regulates rights." *Ores v. Kennedy*, 218 Ill. App. 3d 866, 871 (1991).

¶ 27    The amendment here clarifies the evidentiary rules of proceedings under the Act. It provides that the State may obtain an evaluation from an expert of its choosing. It is a procedural right because it affects the "machinery for carrying on" proceedings under the Act. See *Ogdon*, 415 Ill. at 596. The amendment does not affect either party's substantive rights.

¶ 28    Thus, even if respondent's due process rights were violated by his absence from the courtroom and his inability to object to the State's motion for an expert, the violation was harmless because the State was entitled to its own expert.

¶ 29                                II. Ineffective Assistance of Counsel

¶ 30    Respondent next argues that his trial counsel was ineffective for agreeing to the State's motion for appointment of an expert.

¶ 31    Proceedings governing SVP commitment petitions are civil in nature. *In re Commitment of Dodge*, 2013 IL App (1st) 113603, ¶ 20. Nonetheless, the Act provides a respondent with the right to the effective assistance of counsel. *Id*. A successful ineffective assistance of counsel claim requires the claimant to prove that (1) counsel's conduct fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's unprofessional

conduct, the outcome would have been different. *Id.* A person claiming ineffective assistance of counsel must satisfy both the performance and prejudice prongs of the test in order to prevail. *People v. Evans*, 209 Ill. 2d 194, 220 (2004).

¶ 32 We will dispose of respondent's ineffective-assistance claim on the prejudice prong alone. As explained above, effective January 1, 2011, the legislature amended section 25(e) of the Act to give the State an absolute right to an expert in SVP trials. See 725 ILCS 207/25(e) (West 2012). The amendment was in effect at the time of respondent's trial and applies retroactively to the State's motion for appointment of an expert because it is a procedural change. See *Caveney*, 207 Ill. 2d at 92.

¶ 33 Because the State had a statutory right to an expert at respondent's trial, respondent cannot establish that he was prejudiced by his counsel's acquiescence to the State's motion for an expert.

¶ 34                                     III. Dispositional Finding

¶ 35 Finally, respondent argues that the circuit court abused its discretion in ordering him to institutional care in a secure facility. He contends that Dr. Ostrov's testimony was more persuasive than Dr. Travis's testimony.

¶ 36 A trier of fact, by virtue of its ability to actually observe the conduct and demeanor of the witnesses, is in the best position to assess their credibility; thus, we defer to the trial court's findings regarding credibility. *In re Abel C.*, 2013 IL App (2d) 130263, ¶ 19. It is not our function to reweigh the evidence, make credibility determinations or resolve conflicting testimony. *Ehrlich*, 2012 IL App (1st) 102300, ¶ 76. We review the trial court's decision to commit a person to a secure facility for an abuse of discretion. *Id.* ¶ 75.

¶ 37 Here, Dr. Travis opined that treatment in a secure facility would be best for respondent. Dr. Ostrov disagreed and thought that respondent was a good candidate for conditional release. It is not our function to weigh the credibility of these experts or resolve their conflicting opinions. See *id.* ¶ 76. Because there is evidence in the record to support the circuit court's dispositional finding, we will not disturb it.

¶ 38 The judgment of the circuit court of Whiteside County is affirmed.

¶ 39 Affirmed.

¶ 40 JUSTICE McDADE, dissenting.

¶ 41 In this case respondent, Brian Anderson, argues that the circuit court abused its discretion in denying his motion to exclude Dr. Heaton from testifying at trial. Respondent does not allege that Dr. Heaton's testimony should be barred on any substantive basis. Instead, he asserts the procedural argument that his due process rights were violated where he did not have notice of the State's motion to have Dr. Heaton evaluate him. In support of this argument, the respondent cites section 25(b) of the Sexually Violent Persons Commitment Act (725 ILCS 207/25(b) (West 2010)), which provides that respondent must be given notice when a commitment petition is filed against him. Respondent also calls our attention to the procedural

fact that he was not present when the State's motion was presented in the circuit court. In support, respondent cites section 25(c)(1) of the Act (725 ILCS 207/25(c)(1) (West 2010)), which provides that respondent has a right to be present at any hearing under the Act.

¶ 42    In response, the State argues that even if the errors alleged by the respondent occurred, such errors were harmless given the legislature's action in amending section 25(e) of the Act (725 ILCS 207/25(e) (West 2012)). It is, therefore, the State and not the respondent which puts in issue the fact and alleged impact of the statutory amendment. I note that the respondent does not discuss the amending of section 25(e) in his initial brief, nor has he filed a reply brief responding to the State's argument with regard to the amendment's impact.

¶ 43    Public Act 96-1128 (eff. Jan. 1, 2011) amended section 25(e), *inter alia*, by adding the following sentence: "The State has the right to have the person evaluated by an expert chosen by the State." Prior to this enactment, section 25(e) was silent regarding any right of the State to select its own independent expert to examine the respondent, and any effort to do so was subject to the discretion of the court. The State concedes this fact in its brief at page 7 where it asserts: "Indeed, the circuit court would have erred had it granted respondent's motion, as the amendment to § 207/35(e) [*sic*][1] eliminated *any discretion the circuit court previously had to prevent the People from presenting an expert of their choosing.*" (Emphasis added.)

¶ 44    Moreover, the majority appears to concede that prior to 2011, the State's ability to present its own examining and testifying expert was subject to the exercise of the court's discretion ("[i]n cases filed before 2011, courts *often allowed* the State to present more than one expert witness to examine the respondent and testify at SVP commitment trials. [Citations.]" (Emphasis added.)) *Supra* ¶ 23.

¶ 45    The effects of Public Act 96-1128 were (1) to give the State an absolute right to select experts of its own choosing to examine the respondent, (2) to eliminate any need for the State to appeal to the discretion of the court to select such an expert, (3) to deprive a respondent under the Act of a prior right to object to an examination by an expert selected by the State in addition to those already authorized by the statute, and (4) to deprive a respondent of a prior right to appeal to the discretion of the court to avoid selection of and examination by such an additional expert. It thus appears to me that the majority is incorrect when it asserts that no substantive rights of either party were affected by the amendment. Substantive rights of *both* parties were impacted by the amendatory change. The amendment was not procedural but substantive and it could only be applied prospectively–that is, to cases arising after its enactment.

¶ 46    It is for this reason that I respectfully dissent from the decision of the majority.[2]

---

[1]This must be an error in citing to the statute because there have been no relevant amendments to section 35(e) (725 ILCS 207/35(e) (West 2012)).

[2]Although my conclusion would ordinarily require analysis of the additional issues raised by respondent, I choose not to do so in this case because such analysis would be futile given the majority's conclusion.